UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GERARDO JAVIER CORRALES,

Plaintiffs,

      -against-

CO CALDERON, MICHAEL SPOSATO,
and NASSAU COUNTY,

               Defendants.
-------------------------------------------------------X

**FILED**
**CLERK**

8/21/2019 2:05 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
18-CV-6338 (JMA)(AKT)

**AZRACK, District Judge:**

      On November 7, 2018, <u>pro se</u> plaintiff Gerardo Javier Corrales commenced this action against CO Calderon, Michael Sposato and Nassau County (collectively, "defendants.")

      On November 30, 2018 Judge Bianco issued an Order granting in forma pauperis status and directing service of the summons and complaint upon the defendants by the United States Marshal Service. On January 24, 2019 counsel for defendants filed a letter requesting a pre-motion conference concerning a motion to dismiss. On January 30, 2019, Judge Bianco waived the pre-motion conference requirement and set a briefing schedule for the motion. Defendants' motion was to be submitted by March 1, 2019, the pro se plaintiff's response was due by April 1, 2019, and defendants' reply was due by April 15, 2019. A copy of the Order was mailed to the plaintiff at his address on the docket sheet. This Order was returned to the Court marked "refused, return to sender" on February 8, 2019. Notably, mail sent to the plaintiff from the Court was also returned to the Court as undeliverable on December 3, 2018 and December 14, 2018.

      On February 5, 2019, the Clerk's office received a note from "IRC" at Gouverneur Correctional Facility stating "Inmate released on 11/21/2018 to immigration."

      On March 25, 2019, defendants filed a motion to dismiss for lack of prosecution.

On May 8, 2019, Judge Bianco issued an Order directing plaintiff to submit a letter to the Court providing an updated address and to advise the Court whether he intends to proceed with this action. Plaintiff was warned that failure to respond would result in dismissal of his case for failure to prosecute. A response was due by July 8, 2019. A copy was mailed to plaintiff at his address listed on the docket sheet. On May 17, 2019 a copy of that Order was returned to the Court as undeliverable. This case was reassigned to the undersigned on May 31, 2019. The notification of the reassignment was mailed to the plaintiff at his address listed on the docket sheet and was returned to the Court as undeliverable on June 10, 2019. To date, plaintiff has not responded to the Court's Order or otherwise communicated with the Court or defendants.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff has failed to provide the Court with an updated address throughout the pendency of this action. Plaintiff has failed to respond to the Court's Orders. The Court warned plaintiff that failure to respond could result in the dismissal of the case. Plaintiff's failure to comply with

the Court's Order constitutes grounds for dismissal. Accordingly, defendants' motion to dismiss for lack of prosecution is granted, plaintiff's complaint is dismissed with prejudice, and the Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED.**

Dated:  August 21, 2019
Central Islip, New York

_____/s/ JMA_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE